IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY ALAN BENNETT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 3:14-cv-02191 |
| | ) |
| UNIT MANAGER CHRISTIE THOMAS *et al.*, | )     Judge Campbell |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Corey Alan Bennett, an inmate in the custody of the Tennessee Department of Correction, brings yet another *pro se* action under 42 U.S.C. § 1983. (ECF No. 1.) The plaintiff has submitted an application to proceed *in forma pauperis*, but he is aware that he is barred by 28 U.S.C. § 1915(g) from pursuing this complaint as a pauper unless he plausibly alleges that he is in imminent danger of serious physical injury.

The plaintiff attempts to allege facts showing that he is in imminent danger of serious physical injury. Specifically, he alleges that on October 30, 2014 at Riverbend Maximum Security Institution ("RMSI"), where he was housed at the time, he was severely beaten by Officer Osborne, Unit Manager Christie Thomas, Corporal Pollock, Officer Yeld, and Captain Frank Herouix, in the course of which he suffered lacerations, cuts and bruises all over his body. He tried to report this assault to RMSI administrative employees R. Bates, E. Lewis, and wardens Carpenter, Mays, and Jordan. In response, these defendants withheld food for 24 hours and told the plaintiff they were going to "hide" him by transferring him to Northeast Correctional Complex ("NECX"). The plaintiff further alleges that he was, in fact, subsequently transferred to NECX, and that there is a "kill order on [his] head." (ECF No. 1, at 5.) He believes that "they" are going to have him killed if he does not "keep [his] mouth shut." (*Id.*) He asserts that "they" made telephone calls to authorities at NECX to have him beaten again, and that defendant Bates has called his family members in an attempt to extort money from them by telling them he will have the plaintiff killed if they do not give him money. The plaintiff claims that, now that he is at NECX, "authorities are whooping [him] on a daily basis and are barely feeding [him] as a result of NECX calling them to get these matters done to me." (*Id.*)

Notably, however, the plaintiff does not name as defendants any of the authorities at NECX. Instead, he names as defendants the individuals referenced above, all of whom are alleged to be officials and employees at RMSI. He seeks to recover monetary damages for injuries and trauma he allegedly suffered at RMSI. (*Id.* at 5–6.) In other words, although the plaintiff asserts that he is being beaten and starved at NECX, he does not seek relief against any defendant at NECX or ask for injunctive relief to stop that behavior. Instead, he seeks damages against RMSI employees for past events that allegedly occurred while the plaintiff was still housed at RMSI.

The Sixth Circuit has held that, in order to allege sufficiently imminent danger,"the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008))."Allegations of past dangers are insufficient to invoke the exception." *Taylor v. First Med. Management*, 508 F. App'x 488, 492 (6th Cir. 2012). In addition,

> the allegations [of imminent harm] must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (*i.e.* are fantastic or delusional and rise to the level of irrational or wholly incredible)."

*Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 798); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

Based on these principles, the Court finds that the plaintiff's allegations of imminent danger are not sufficient to overcome the § 1915(g) bar. The plaintiff clearly seeks to recover damages only for past injuries from officials at the institution where he was formerly housed. Even if he did name as defendants individuals at NECX or seek relief pertaining to the harm he allegedly faces at that institution, his claims are so fantastic and delusional as to "rise to the level of irrational or wholly incredible." *Vandiver*, 727 F.3d at 585.

The plaintiff's application to proceed *in forma pauperis* will therefore be denied. Moreover, because the plaintiff has demonstrated through this and other filings that he is indigent, rather than granting the plaintiff 30 days within which to submit the $400 filing fee, the Court will dismiss this action without prejudice for failure to submit the filing fee with the complaint. This dismissal will be without prejudice to the plaintiff's ability to file

a motion to alter or amend judgment if he does so within 28 days of entry of this order *and* submits the full $400 filing fee at that time.

An appropriate order is filed herewith.


                                                    Todd Campbell
                                                    United States District Judge